UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

   Plaintiff,

v.

RICHARD MORGAN, *et al*,

   Defendants.

No. C16-6023 RBL-KLS

ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT

Plaintiff requests entry of default (Dkt. 33) and entry of a default judgment (Dkt. 34) against Defendant David M. Guidry. Plaintiff states that Defendant Guidry has failed to plead or otherwise defend although more than 58 days have passed since the date of service. Dkt. 33, at 1; Dkt. 33-2, at 1. Plaintiff brings his motions pursuant to Rule 55 of the Federal Rules of Civil Procedure, which provides in relevant part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1)** *By the Clerk***.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2)** *By the Court***.** In all other cases, the party must apply to the court for a default judgment. . . .

ORDER - 1

*Id.* "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored and cases "should be decided upon their merits whenever reasonably possible." *Id.* at 1472.

Here, there is no basis for entry of a default judgment against Defendant Guidry. Defendant Guidry filed a Waiver of Service of Summons with the Court on February 27, 2017. Dkt. 32. Guidry acknowledged that he received the Court's request to waive service on February 23, 2017. *Id.* Pursuant to the terms of the Waiver, Defendant Guidry must file an answer or motion under Fed. R. Civ. P. 12 within "60 days after February 13, 2017." *Id.* Thus, Defendant Guidry's deadline – April 14, 2017 – has not yet passed.

Accordingly, the Clerk shall not be directed to enter a default and plaintiff's motions (Dkt. 33 and 34) are **DENIED.** The Clerk shall send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2