UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

                Plaintiff,

    v.

RICHARD MORGAN, et al.,

                Defendants.

Case No. 3:16-cv-06023-RBL-TLF

**REPORT AND RECOMMENDATION**
**Noted for: June 9, 2017**

Before the Court is Defendant David Guidry's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c). Dkt. 37. Mr. Perez opposes the motion and in his opposition pleads additional facts describing his claim against Defendant Guidry. Dkt. 41.

The undersigned recommends that Defendant Guidry's motion to dismiss be denied and that Mr. Perez be given an opportunity to file an amended complaint to cure the deficiencies noted herein.

**PLAINTIFF'S ALLEGATIONS**

Mr. Perez filed suit against Mr. Guidry along with 19 Department of Correction ("DOC") employees. Dkt. 4. Defendant Guidry is identified as "Psychiatric Nurse Practitioner" of Clallam Bay Corrections Center ("CBCC"), where Mr. Perez was formerly incarcerated. Mr. Perez alleges that he received inadequate psychiatric care at the CBCC between January 9, 2015, and

REPORT AND RECOMMENDATION - 1

May 23, 2016. During this time, Mr. Perez committed self-harm on four occasions after alerting CBCC officials of his suicidal ideations and not receiving any medical attention. *Id.*

Mr. Perez's allegations against Defendant Guidry are contained in two paragraphs of his complaint:

> 1.13 On January 14, 2015 at or around 12:30PM plaintiff was seen by mental health and Defendant David Guidry- A.R.N.P. and prescribed Ativan and haldol [sic] immediately due to psychotic and suicidal ideations.
>
> 1.24 On February 18, 2015 plaintiff's psychiatric medications are discontinued by defendant David Guidry "NPWC".

Dkt. 4, ¶¶ 1.13 and 1.24.

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under FRCP 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under FRCP 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

To survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). *See also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), *citing Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That the plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983). Without an allegation of personal participation, a defendant is not

liable for alleged constitutional violations, and therefore, must be dismissed. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

To set forth a constitutional claim under the Eighth Amendment predicated upon the failure to provide medical treatment, the plaintiff must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, a plaintiff must show the defendant's response to the need was deliberately indifferent. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 2013 WL 4007558 (9th Cir.2013). The "deliberate indifference" prong requires (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *Jett*, 439 F.3d at 1096. *See also Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994) (a prison official cannot be found liable unless the official knows of and disregards an excessive risk to inmate health or safety). Additionally, indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical malpractice will not support this claim. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.1980); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Based on the allegations contained in his complaint, Mr. Perez has failed to state an Eighth Amendment claim against Defendant Guidry. Mr. Perez alleges only that Defendant Guidry prescribed psychiatric medications for Mr. Perez and then a month later, discontinued those medications. Dkt. 4, ¶¶ 1.13 and 1.24. There are no facts from which it may be inferred

REPORT AND RECOMMENDATION - 4

that Mr. Guidry, by act or omission, intentionally denied, delayed or interfered with Mr. Perez's medical and/or mental health treatment while knowing that an excessive risk to Mr. Perez serious medical needs existed.

In his opposition to Defendant Guidry's motion to dismiss, Mr. Perez sets out additional facts which were not contained in his complaint. Dkt. 41. Liberally construed, these factual allegations demonstrate that if granted the opportunity to amend his complaint, Mr. Perez would allege additional facts such as:

- From January 9, 2015 through June 26, 2016, Defendant Guidry was Mr. Perez's sole psychiatric medical provider and was aware of Mr. Perez's mental health needs.

- During this time, Mr. Perez was denied needed psychiatric treatment on four separate occasions and that denial led to self-harming actions.

- On January 14, 2015, Defendant Guidry prescribed emergency medications for Mr. Perez due to his suicidal ideations.

- Defendant Guidry was on the team of medical providers who determined that Mr. Perez should be put in solitary for a mental health evaluation.

- On February 3, 2015, Mr. Perez was again placed on suicide watch due to "potential of imminent risk to self."

- On February 5, 2015, Defendant Guidry put Mr. Perez on psychiatric medications and on February 29, 2015, Defendant Guidry discontinued the medications – all without first examining Mr. Perez to determine his mental health status.

- Defendant Guidry was deliberately indifferent to Mr. Perez's mental health needs by deciding to medicate him and then discontinuing the medications less than a month later even though Defendant Guidry knew that Mr. Perez was mentally ill, had been placed in solitary, and had been deemed psychotic.

*Id.* at pp. 1-2, 4.

REPORT AND RECOMMENDATION - 5

Based on the foregoing additional allegations, the undersigned recommends that Mr. Perez be given an opportunity to amend his complaint to include factually specific allegations against Defendant Guidry. Mr. Perez is advised that an amended complaint will replace his original complaint in its entirety. Therefore, his amended complaint must include the names, dates and circumstances surrounding his claims against all of the defendants in addition to the additional factual allegations against Defendant Guidry.

## CONCLUSION

The undersigned recommends that Defendant Guidry's motion to dismiss (Dkt. 37) be **DENIED** and that plaintiff be given an opportunity to amend his complaint to attempt to cure the deficiencies identified herein.

Pursuant to 28 U.S.C. § 636(b)(1) and FRCP 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2017,** as noted in the caption.

**DATED** this 22nd day of May, 2017.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6