HONORABLE JUDGE RONALD B. LEIGHTON
MAGISTRATE JUDGE THERESA L. FRICKE

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Daniel Jay Perez, ) | |
| Plaintiff, ) | |
| v. ) | NO: 3:16-cv-06023-RBL-TLF |
| Dick Morgan, et al., ) | |
| Defendants. ) | FIRST AMENDED COMPLAINT |

COMPLAINT WITH JURY DEMAND

INTRODUCTION

This is a civil rights action filed by Daniel Jay Perez, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging denial of adequate psychiatric care in violation of the EIGHTH AMENDMENT to the United States Constitution and confinement in segregation in violation of the EIGHTH AMENDMENT to the United States Constitution.

JURISDICTION

1. The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. §§1331 and 1343.

PARTIES

2. The Plaintiff, Daniel Jay Perez, Was incarcerated at Clallam Bay Corrections Center and the Washington State Penitentiary during the events described in this complaint.

3. Defendants John C. Doyle, Richard Christensen, and Anthoney W. Boe are correctional Officers employed at Clallam Bay Corrections center. They are sued in their individual capacity.

4. Defendants Dr. Brenda Mckinney, Caroline Gillespie, Heidi Romero and David Guidry are Psychiatric care providers at Clallam Bay corrections Center. They are sued in their Individual capacity.

5. Defendants Ron Haynes, Michael Obenland, and Michael Tupper Superintendent, Associate Superintendents employed at Clallam Bay

Corrections Center. They are sued in their individual Capacity.

6. Defendant Robert Monger is a Correctional lieutenant employed at Clallam Bay Corrections Center. He is sued in his individual capacity.

7. Defendants Brian Ewert, Cindy Davenport, Mark Mcclanahan, Mark king, Juan L. Hernandez-Mendoza, Trevor A. Ahlers, Thomas Vicari II, Sonia Segraves are Correctional Officers employed at Washington State Penitentiary. They are sued in their Individual capacity.

8. Defendant Steve Sunburg is an Associate Superintendent at the Washington State Penitentiary. He is sued in his individual capacity.

9. Defendant Don Holbrook is the Superintendent at Washington State Penitentiary. He is sued in his individual capacity.

10. Defendant Steve Blakman is a Correctional Unit Supervisor employed at Clallam Bay Corrections Center. he is sued in his individual capacity.

11. Defendants Peter Beck, Calvin Blackham are Psychiatric care providers employed at Washington State Penitentiary. They are sued in their individual Capacity.

12. Defendant Teddi R. Armstron is a Registered Nurse employed at Washington State Penitentiary. she is sued in her individual capacity.

13. Defendant Dave Lesser is a Correctional Sergeant employ at Washington State Penitentiary. He is sued in his individual Capacity.

14. Defendant Dr. Karie Rainer is the Mental Health Director employed at Washington Department of Corrections Headquarters. She is sued in her individual and official capacity.

15. Defendant Dick Morgan is the WDOC Secretary of prisons employed by the Department of Corrections. He is sued in his indiviual and official capacity.

IV. Statement Of Cliam

FIRST CLIAM FOR RELIEF
VIOLATION OF PRISONER PLAINTIFF'S EIGHTH AMENDMENT RIGHTS-
"INADEQUATE PSYCHIATRIC CARE SERIOUS
HEALTH NEEDS"

1.1 On January 9, 2015 Plaintiff while housed at Clallam Bay Corrections Center's Intensive Transition Program D-Unit Plaintiff asked Defendant John C Doyle at or around 2:30pm, to Contact Mental health as he was "Having ruminating thought of self-harm".

1.2 There was no response from any mental health care provider who may have been available or even a medical care provider in violation of Department Of Corrections Policy number 630.550.

1.3 As a direct result of the lack of response from any mental health care provider, Plaintiff was forced to experience needless pain and suffering due to continued suicidal thoughts on january 9, 10, 11, 2015 as there was no response or attempt to contact any available mental health provider on January 9, 2015.

1.4 On January 12, 2015 at or around 1:30pm Plaintiff again requested to speak to mental health as they should have been available, about plaintiff's on-going self-harm intentions/thoughts to defendants John C. Doyle D-unit officer.

1.5 Defendant John C. Doyle stated mental health was not available and since there was no response plaintiff thought there was no attempt to contact anyone in regards to the imminent threat to plaintiff posed to himself.

1.6 On January 13, 2015 at or around 10:30 am plaintiff requested to speak to defendant Steve Blakeman D-unit Correctional Unit Supervisor.

1.7 Plaintiff was permitted to speak to defendant Steve Blakeman at or around 10:30 am.

Defendant Officer John C. Doyle D-unit Officer.

1.5 Defendant John C. Doyle stated mental health was not available and did not contact anyone in regards to the imminent threat to self-harm Plaintiff posed.

1.6 On January 13, 2015 at or around 10:30AM Plaintiff requested to speak to Defendant Steve Blakeman D-unit Custody supervisor.

1.7 Plaintiff was permitted to speak to defendant Steve Blakemen at or around 10:30AM.

1.8 Plaimtiff relayed to defendant Blakeman that he was experiencing imminent suicidal/self-harm ideations and needed to se defendant Dr. Brenda Mckinney- Psychologist because he did not want to live.

1.9 Defendant Blakeman stated he'd contact Defendant Dr. Brenda Mckinney about Plaintiff's suicidal ideations and sent him back to his cell Un-supervised.

1.10 On January 13, 2015 at or around 3:30PM with no response from Medical or mental health Plaintiff committed self-harm by cutting his left wrist and arm several times. Corrections Officer notified David E. Whitlock.

1.11 This was due to Plaintiff's known suicidal ideations that were left alone with no help.

1.12 Plaintiff was finally seen by defendant Dr. Brenda Mckinney only after the self-harm and placed plaintiff on constant 1:1 suicide watch at or around 5:00PM due to "imminent risk to self".

1.13 On January 14, 2015 at or around 12:30PM plaintiff was seen by mental health and Defendant David Guidry- A.R.N.P and prescribed Ativan and haldol immediately due to psychotic and suicidal ideations.

1.14 On January 14, 2015 plaintiff was placed on administrative segregation due to "threat to other/self/security. Pending mental health evaluation." By Defendant Robert Monger. Approved by Dr. Mckinney and David Guidry.

1.15 On January 15, 2015 at or around 7:45AM plaintiff is transfered to Ad-seg from Close observation area as a "step down" per Defendant Dr. Karie Rainer.

1.16 On January 16, 2015 Plaintiff had his initial administrative segregation review and the recommendation was to continue segregation. Approved by Defendant's Ron Haynes and Michael Tupper, and Michael Obenland.

1.17 On January 20, 2015 Plaintiff was released fromsegregation and placed on special housing assignment for mental health.

1.18 Plaintiff returned to the intensive transition program D-unit on January 20, 2015.

1.19 On February 3, 2015 Plaintiff requested to speak to mental health due to suicidal ideations that lead to self-injury.

1.20 On February 3, 2015 at or around 4:30PM Plaintiff was having suicidal ideations and was placed on continuous suicide watch by defendant Caroline Gillespie due to "potential risk to self."

1.21 Defendant David Guidry on February 5, 2015 places plaintiff on psychiatric medications lithium without an in-person evaluation. Defendant David Guidry is plaintiff's only Psychiatric medication provider.

1.22 On February 9, 2015 plaintiff returns to D-unit following discharge from suicide watch.

1.23 On February 19, 2015 plaintiff filed his initial grievance LOG ID# 15581151 in regards to inadequate mental health response/treatment to his known serious mental health needs.

1.24 On February 17, 2015 plaintiff receives his initial response to LOG ID# 15581151 stating "informally resolved". By M. Holthe.

1.25 On February 18, 2015 plaintiff's psychiatric medications are discontinued by defendant David Guidry "NPWC" Without an in-person evaluation to make a reasonable opinion based on his medical judgment and without an inquiry as to the problems plaintiff was having. At this time plaintiff suffered from a serious mental illness that was known to defendant David Guidry. Plaintiff was also having serious adverse effects to his medications and even so was not seen for an in-person evaluation.

1.26. On February 20, 2015 plaintiff appeals LOG ID# 15581151 to the next level as this "issue is not resolved".

1.27 On March 2, 2015 Plaintiff receives his initial response to LOG ID# 15581151 which states in part "your initial request...did notindicate that you were immediate danger of self harm. However it should be noted that due to current duties and/or schedule staff may not be able to see offenders immediately upon request".

1.28 On April 5, 2015 Plaintiff appeals LOG ID# 15581151 to level two.

1.29 On April 12, 2015 at or around 8:30AM plaintiff requested to speak to mental health VIA unit kite yet no response even with knowledge of plaintiff's self-harm thoughts".

1.30 On April 13, 2015 at or around 3:30PM plaintiff committed self-harm by cutting his left forearm. In response plaintiff was placed on suicide watch by defendant Heidi Romero due to "risk of suicide and risk of self harm."

1. 31 On April 14, 2015 plaintiff was released from continuous watch and returned to the intensive transition program D-unit.

1.32 On April 16, 2015 Plaintiff and defendant Dr. Mckinney reviewed and implemented a safety plan to detail for staff the response to take when plaintiff declares a "Mental health emergency" Called an "individualized behavior management plan"(hereinafter I.B.M.P.)

1.33 On April 30, 2015 at or around 9:00pm plaintiff pressed his in-cell call button to notify staff of his suicidal ideations and mental health emergency. Due to a 1 plus hour non-response by defendant Richard Christensen to plaintiff need for help plaintiff cut himself.

1.34 On April 30, 2015 at 10:46 PM Defendant Anthony W. Boe made radio contact to CBCC Base to get a response due to plaintiff self-harming with a razor blade.

1.35 On May 1, 2015 Plaintiff while on suicide watch committed self-harm by banging his head and was placed in the restraint chair per the shift Sergeant and Lieutenant .

1.36 On May 5, 2015 Plaintiff's I.B.M.P. signed and implemented by Defendant Dr. Brenda Mckinney for guidance on what the response s should be to plaintiff's suicidal and self-harming behavior.

1.37 On June 1, 2015 Plaintiff appeals to level three LOG ID# 15581151.

1.38 On June 8, 2015 Plaintiff was notified that he was being transferred to Washington State Penitentiary- Residential treatment Unit- hereinafter WSP-RTU to receive needed mental health treatment that Clallam Bay Correction Center can not provide.

1.39 On June 8, 2015 at or around 5:00 PM Plaintiff arrives at Washington State Penitentiary.

1.40 On June 8, 2015 Plaintiff is placed on suicide watch as there was no mental health on duty when plaintiff arrived at WSP-Health services building- hereinafter- WSP-HSB.

1.41 On June 9, 2015 Plaintiff meets his primary therapist Dave lundgren.

1.42 On June 9, 2015 Plaintiff is upset that he remains on a suicide watch in an seclusion cell with nothing more then a suicide protection smock.

1.43 On June 9, 2015 Plaintiff is taken off continuous suicide watch and move to a regular safety cell on E-tier in WSP-HSB.

1.44 On June 10, 2015 Plaintiff is again seen by his primary mental health therapist and it is deemed that plaintiff is fit to be moved to his living unit on Baker unit in WSP-RTU.

1.45 On June 10, 2015 Plaintiff was released from suicide watch and sent to Baker unit- Residential Treatment Unit.

1.46 On June 10, 2015 Plaintiff's I.B.M.P for WSP goes into effect.

1.47 On June 25, 2015 plaintiff exhausted all levels of the grievance system with his level three response by Headquarters for LOG ID# 15581151. By Kevin Bowinkamp.

1.48 On August 2, 2015 at or around 9:30AM plaintiff declares pursuant to his I.B.M.P a "mental health emergency" to the B-unit booth officer Defendant   Mark   Mcclanahan. As plaintiff was having imminent suicidal ideations.

1.49 On August 2, 2015 defendants Vacari, King, and Mcclanahan stated "mental health wasn't there" and did nothing further to assist plaintiff as directed VIA plaintiff I.B.M.P.

1.50 On August 2, 2015 at or around 9:50AM plaintiff due to lack of response committed serious self-harm to his left arm in an attempted suicide resulting in a 5.5" cut requiring 19 stitches.

1.51 On August 2, 2015 as a result of plaintiff's suicide attempt he was placed on suicide watch in the Close Observation Area(hereinafter HSB)

1.52 On August 8, 2015 at or around 3:00AM plaintiff tried to reach out to Watch 1 officers VIA his in-cell call button to declare a "mental health emergency" due to plaintiff's suicidal ideations but no-one answered A few hours later Defendant Sonia Segraves came on the tier and plaintiff was able to get help for his 5.5" re-cut left wrist. Plaintiff was placed on suicide watch.

1.53 On August 8, 2015 at or around 5:15 AM plaintiff while on suicide watch in HSB-E3 used the sharp corners in the non-suicide safety cell to cut his arm open.

1.54 On August 8, 2015 Plaintiff is placed in the emergency restraint chair approved by Defendant Clavin Blackham.

1.55 On August 17, 2015 Plaintiff and his mental health primary therapist David Lundgren reviewed and implemented his new I.B.M.P as his last was expired and not followed up on.

1.56 On August 22, 2015 plaintiff files his initial grievance LOG ID# 15592246 in regards to the lack of response to his suicide attempt and mental health emergency to include lack of staff training.

1.57 On August 27, 2015 Plaintiff plaintiff filed his initial complaint regarding 8/8/15 in which Lee Young assigned LOG ID# 15592246 as they consider the same issue dated 8/31/15.

1.58 on September 9, 2015 plaintiff received his level one response to LOG ID# 15592246.

1.59 On September 23, 2015 Plaintiff appeals to next level. Stating "A mental health emergency is the equivalent to a medical emergency."

1.60 On October 19, 2015 plaintiff receives level two response to LOG ID# 15592246, in which no steps were taken to address the serious issues of

lack of response to serious mental health issues presented to defendants Steve Sundburg and Don Holbrook even after being advised by there own front-line staff of the lack of a response by mental health.

1.61 On October 26, 2015 plaintiff and his primary therapist David Lundgren updated and implemented Plaintiff's "simplified" I.B.M.P. due to complaints by staff of "complexity."

1.62 On January 11, 2016 Plaintiff and his primary therapist reviewed and implemented his I.B.M.P. due to continued suicide and self-harm risk.

1.63 On March 2, 2016 Plaintiff files a level one complaint LOG ID# 16604622 in regards to defendant Brian Ewert willfully disregarding plaintiff IB.M.P. when it needed to be implemented due to self-harm risk.

1.64 on April 8, 2016 plaintiff declared a "mental health emergency" due to self-harm ruminations and the need to implement his I.B.M.P.

1.65 On April 8, 2016 Plaintiff is placed on suicide watch in the HSB.

1.66 On April 13, 2016 plaintiff receives his level one response inregards to LOG ID # 16604622 and appeals to level two as the issue was not resolved.

1.67 On April 26, 2016 plaintiff files a level one complaint in regards to defendant Peter Beck and defendant Brian Ewert's failure to follow plaintiff's specifically written and directive IB.M.P. on April 8, 2016. LOG ID# 16608408.

1.68 On May 16, 2016 at or around 3:00PM Plaintiff contacted the Adams Unit booth Officer Defendant Jane Doe to implement his "I.B.M.P." as he was having "self-harm/suicidal thoughts" to which defendant Jane Doe stated "if I can locate him I will let him know." No one responded even when defendants have received training on what the response should be when Plaintiff implements his I.B.M.P.

1.69 On May 17, 2016 at or around 1:00AM plaintiff as a direct result of not having his I.B.M.P. implemented at his request to keep him safe he started self-mutalating.

1.70 On May 17, 2016 at or around 5:00AM plaintiff feelings of self-harm progressed to suicidal feelings and as a result plaintiff cut his left forearm 7" with a razor-blade, later receiving 11 stitches.

1.71 On May 17, 2016 at or around 6:00AM plaintiff declares a "mental health/medical emergency" due to his severely cut arm.

1.72 10-15 Minutes later defendants Cindy Davenport, Juan l. Hernandez-Mendoza, Trevor A. Ahlers showed up and looked into plaintiff's cell and left without saying anything or assisting in getting plaintiff help for his severely cut arm.

1.73 On May 17, 2015 at 6:45 am plaintiff is seen by defendant Teddi R. ARMSTRONG.
1.74 Then Defendant Sergeant Dave Lesser returned and said the nurse was not available as it was shift change so Plaintiff waited for what seemed like a long period of time for a medical response for help with plaintiff's severely cut arm which was bleeding bad with puddles of blood on the floor and a drenched towel.

1.75 On May 17, 2016 at or around 7:00AM plaintiff was seen by Dr. Ken

Moore and it was deemed that plaintiff needed stitches in his left arm to total 11 stitches.

1.76 On May 18, 2016 plaintiff receives his level one response to LOG ID# 16608408 to which he appeals to level two.

1.77 On May 22, 2016 plaintiff files his level one complaint assigned LOG ID # 16608408 in regards to the lack of response to his request to implement his I.B.M.P. due to serious self-harm/suicidal ideations.

1.78 On May 23, 2016 plaintiff is discharged from HSB suicide watch and returns to Adams Unit-RTU.

1.79 On May 23 plaintiff files his level three appeal on LOG ID# 16604622 response dated May 16, 2016.

1.80 On May 23, 2016 Plaintiff and his primary therapist reviewed and implemented A "Treatment Plan" with AXIS I Diagnosis Schizoaffective disorder (depressed mood), Post-traumatic stress disorder, and obssessive Compulsive disorder. Per Dr. Varnell.

1.81 On June 26, 2016 plaintiff is transferred to a lower custody level Residential Treatment Unit at Monroe Corrections Complex- Special Offender Unit.

1.82 On July 13, 2016 Plaintiff receives his level two response to LOG ID# 16608408 in which defendant Don Holbrook concurs and does nothing to fix the issue.

1.83 On July 22, 2016 plaintiff files his final level three complaint on LOG ID# 16608408 which as directed by K. Walker incompassed two incidents on dates April 8, 2016 and May 16,17,2016.

1.84 On August 26, 2016 Plaintiff receives his level three complaint LOG ID# 16608408 exhausting all available remedies.

1.85 On August 1, 2016 Plaintiff receives his appeal in regards to LOG ID# 16604436 in which headquarters finds my issue "NON-Greivable" as an Individualized Behavior Management Plan is a classification issue and you are referring to CRC decisions brought by mental health staff member to that committee, which is a care decision not an I.B.M.P. issue.

## V. RELIEF

WHEREFORE, Plaintiff requests that the Court Grant the following relief:

A. Issue a declaratory Judgment stating that:
1. Defendants actions in failing to provide adequate medical/psychiatric care to plaintiff in response to his suicidal ideations violated, and continue to violate, the plaintiff's rights under

the EIGHTH AMENDMENT to the United States Constitution.

B. Issue an injunction ordering defendant Morgan or his agents to:
1. maintain plaintiff's housing at the Special Offenders Unit-E-Unit so as to allow him to continue with his needed psychiatric care.

C. Award compensatory damages in the amounts of:
1. $200,000 jointly and severally against all defendants for the physical and emotional injury resulting from their failure to provide adequate Medical/Psychiatric care to Plaintiff.

D. Award punitive damages in the following amounts:
1. $200,000 each against defendants Morgan, Haynes, Holbrook, Dr. Rainer, Dr. Mckinney, Blakeman, Armstrong, Blackham and Lesser, Obenland.
2. $60,000 each against defendants Romero, Gillespie, Guidry, Beck, Ewert, Mcclanahan, doyle, king, viacri, Sundburg, Tupper, Monger, Christensen, Boe, Ahlers, Hernandez-Mendoza, Davenport and Segraves.

E. Grant such other relief as it may appear that plaintiff is entitled.

### VERIFICATION

I, Daniel Jay Perez, have read the foregoing complaint and hereby verify that the matter alleged herein are true. I certify under the penalty of perjury that the foregoing is true and correct.

RESPECTFULLY submitted,

Signed this 13th day of JUNE, 2017.

Daniel Jay Perez#888274
Monroe Corrections Complex
P.O. BOX 514
Monroe, WA 98272-0514

## CERTIFICATE OF SERVICE

I, Daniel Jay Perez, hereby certify that on the date below I caused to be electronically filed the foregoing document- Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cassie B. vanROOJEN
Assistant Attorney General
Corrections Division
P.O. BOX 40116
Olympia, WA 98504-0116

Johnathan D. Ballard & Sarah E. Demaree
1111 Third Avenue, Suite 2700
Seattle, WA 98101
Attorney's for Defendant David Guidry

I declare under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 14th day of June, 2017, at Monroe, Washington.

Daniel Jay Perez #888274
Monroe Corrections Complex
P.O. BOX 514
Monroe, WA 98272-0514
