UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

    Plaintiff,

v.

DICK MORGAN, et al.,

    Defendants.

CASE NO. C16-6023 RBL-TLF

ORDER DENYING MOTION FOR COUNSEL

Before the Court is Plaintiff Daniel Jay Perez's motion for appointment of counsel. Dkt. 55. Mr. Perez states that he is indigent, the issues are complex, and he has limited access to the law library and limited knowledge of the law. *Id.* On June 28, 2017, plaintiff filed a motion to supplement his motion for appointment of counsel with a declaration and attachments. Dkt. 65.

**DISCUSSION**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

involved. *Wilborn*, 789 F.2d at 1331.  Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id.*

      Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* but has not demonstrated that the issues involved in this case are complex.  Plaintiff's incarceration and limited legal training are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel.  Rather, they are the type of difficulties encountered by many pro se litigants.  In his supplemental declaration, plaintiff states that he will not be allowed access to the law library every day.  Dkt. 66.  However, plaintiff has shown an ability to litigate this matter pro se.  He appropriately moved to amend his complaint to substitute John Doe defendants with individually named defendants, successfully responded to a motion to dismiss, and has engaged in discovery and conferences with counsel for defendants.  *See, e.g.,* Dkt. 61.  In addition, plaintiff has not missed any deadlines.  Plaintiff has also not shown a likelihood of success on the merits but merely restates the allegations of his complaint.  *See, e.g.*, *Wilborn*, 789 F.2d at 1331.

      Accordingly, it is **ORDERED**:

(1)    Plaintiff's motion for the appointment of counsel (Dkt. 55) is **DENIED** and plaintiff's motion to supplement the motion for counsel (Dkt. 65) is **GRANTED**.

(2)    The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 5th day of July, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge