UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

      Plaintiff,

 v.

DICK MORGAN,

      Defendants.

Case No. 3:16-cv-6023 RBL-TLF

REPORT AND RECOMMENDATION

**Noted for September 1, 2017**

  Before the Court is the motion to dismiss of Defendant Dick Morgan pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 62. Mr. Morgan contends that he cannot be held liable in his individual capacity because Mr. Perez fails to allege his personal involvement in any constitutional violation. Mr. Morgan further contends that he cannot be held liable in his official capacity as he is no longer Secretary of the Department of Corrections ("DOC").[1] *Id.* Mr. Perez agrees that his claims against Mr. Morgan in his individual capacity may be dismissed and that Stephen Sinclair, the present DOC Secretary may be substituted for Mr. Morgan in his official capacity. Dkt. 74.

---

[1] Mr. Morgan also seeks a protective order relieving him of the obligation to respond to plaintiff's discovery requests pending the Court's adjudication of his motion to dismiss. Dkt. 63. That motion is dealt with under separate order.

REPORT AND RECOMMENDATION - 1

The Court recommends that Mr. Morgan's motion to dismiss be granted; that all claims asserted against him in his individual and official capacities be dismissed with prejudice, and that the current DOC Secretary, Stephen Sinclair, be substituted for Mr. Morgan in this action pursuant to Fed. R. Civ. P. 25(d).

**DISCUSSION**

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations that are unsupported by well-pleaded factual allegations must be disregarded on a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679. A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Id.* at 678.

**A.     Official Capacity Claims - Rule Fed. R. Civ. P. 25(d)**

When a public officer, sued in his or her official capacity, leaves office during the pendency of an action, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Stephen Sinclair became the Secretary of DOC in April 2017. Therefore, Mr. Morgan was removed from this lawsuit as a defendant in his official capacity.

**B.     Personal Capacity Claims**

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Under Fed. R. Civ. P. 15(a)(2), the court is free to allow an amended pleading "when justice so requires." When the plaintiff alleges well-pleaded facts, the court should assume the veracity of the facts and use a common sense approach to determine whether those facts "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679-80.

REPORT AND RECOMMENDATION - 2

All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal for failure to state a claim should be granted if the plaintiff fails to set forth in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal may be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In his complaint, Mr. Perez alleges that defendants failed to provide him with adequate medical and psychiatric care. Dkt. 4. Other than including Mr. Morgan's name, title, and address on page 4 of the complaint, however, there are no allegations that Mr. Morgan directed or was aware of any alleged constitutional deprivation. Mr. Perez agrees that his claims against Mr. Morgan in his individual capacity may be dismissed. Dkt. 74.

## CONCLUSION

Based on the foregoing discussion and the parties' agreement, the undersigned recommends that the Court **GRANT** Defendant Dick Morgan's motion to dismiss (Dkt. 62) and **DISMISS** all claims against Dick Morgan, in his personal and official capacities. The Clerk of Court should be directed to substitute Stephen Sinclair, the present DOC Secretary, for Dick Morgan in his official capacity.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ.

REPORT AND RECOMMENDATION - 3

P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the above time limit, the Clerk shall set this matter for consideration on **September 1, 2017**, as noted in the caption.

Dated this 11th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4