UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

                          Plaintiff,

    v.

RICHARD MORGAN, et al.,

                          Defendants.

Case No. 3:16-cv-06023-RBL-TLF

**REPORT AND RECOMMENDATION**
**Noted for: September 1, 2017**

Before the Court is Defendant David Guidry's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). Dkt. 68. Mr. Perez opposes the motion. Dkt. 73. The undersigned recommends that the motion to dismiss be denied because Mr. Perez has alleged facts sufficient to state an Eighth Amendment claim against Defendant Guidry.

## PLAINTIFF'S ALLEGATIONS

After the Court denied Mr. Guidry's first motion to dismiss (Dkt. 37), Mr. Perez filed a First Amended Complaint. Dkt. 58. In his First Amended Complaint, Mr. Perez sues Mr. Guidry and several other Department of Correction ("DOC") employees at the Clallam Bay Corrections Center ("CBCC") where Mr. Perez was formerly incarcerated. Dkt. 58. Mr. Perez alleges that he received inadequate psychiatric care at the CBCC between January 9, 2015 and May 23, 2016. During this time, Mr. Perez committed self-harm on four occasions after alerting CBCC officials of his suicidal ideations and not receiving any medical attention. *Id.* Mr. Perez's allegations

REPORT AND RECOMMENDATION - 1

against Defendant Guidry begin after January 13, 2015, when Mr. Perez committed self-harm by cutting his left wrist and arm several times:

> 1.13 On January 14, 2015 at or around 12:30PM plaintiff was seen by mental health and Defendant David Guidry- A.R.N.P. and prescribed Ativan and haldol [sic] immediately due to psychotic and suicidal ideations.
>
> 1.14 On January 14, 2015 plaintiff was placed on administrative segregation due to "threat to other/self/security. Pending Mental health evaluation." By Defendant Robert Monger. Approved by Dr. McKinney and David Guidry.
>
> 1.21 Defendant David Guidry on February 5, 2015 places plaintiff on psychiatric medications lithium without an in-person evaluation. Defendant David Guidry is plaintiff's only psychiatric medication provider. [This occurred after Mr. Perez was again placed on continuous suicide watch on February 3, 2015 due to suicidal ideations. Dkt. 58, ¶¶ 1.15-1.20.]
>
> 1.25 On February 18, 2015 plaintiff's psychiatric medications are discontinued by defendant David Guidry "NPWC" Without an in-person evaluation to make a reasonable opinion based on his medical judgment and without an inquiry as to the problems plaintiff was having. At this time plaintiff suffered from a serious mental illness that was known to defendant David Guidry. Plaintiff was also having serious adverse effects to his medication and even so was not seen for an in-person evaluation.

*Id.*

## STANDARD OF REVIEW

In a "notice of evidentiary hearing to pro se plaintiff," Mr. Guidry incorrectly states the standard of review applicable to motions to dismiss for failure to exhaust. He also incorrectly states that plaintiff must counter his 12(b)(6) motion to dismiss with evidence. Dkt. 68, p. 1. The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P.

REPORT AND RECOMMENDATION - 2

12(b)(6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that the plaintiff did not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

To survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Fed. R. Civ. P. 8(a)(2) requires a complaint to include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley,* 355 U.S. at 47).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That the plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of

REPORT AND RECOMMENDATION - 3

constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983). Without an allegation of personal participation, a defendant is not liable for alleged constitutional violations, and therefore, must be dismissed. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

To set forth a constitutional claim under the Eighth Amendment for failure to provide medical treatment, the plaintiff must allege facts that support two elements. First, the plaintiff must show a serious medical need. The plaintiff must allege facts to support an allegation of serious medical need by setting forth specific acts or omissions that indicate the defendant failed to treat a prisoner's condition and the failure could result in further significant injury or the unnecessary and wanton infliction of pain. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013).

Second, a plaintiff must show the defendant's response to the need was deliberately indifferent. *Id.* The "deliberate indifference" prong requires (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *Jett*, 439 F.3d at 1096; *see also Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994) (prison official cannot be found liable unless the official knows of and disregards an excessive risk to inmate health or safety). Additionally, indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, or medical

malpractice will not support this claim. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Mr. Perez has stated an Eighth Amendment claim against Defendant Guidry. First, Mr. Perez alleges he suffers from a serious mental condition: suicidal ideations that manifested in at least four occasions of self-harm. Dkt. 58, Amended Complaint, at 3-11. Second, Mr. Perez alleges that Mr. Guidry was aware of his mental health condition and suicidal ideations in that Mr. Guidry was the only health care provider prescribing mental health care drugs for Mr. Perez at Clallam Bay Correctional Center, he examined Mr. Perez after the first self-harm incident, and he was involved in the decision to segregate Mr. Perez pending a full mental health evaluation. *Id.* at 4-5. Third, Mr. Perez alleges that Mr. Guidry was deliberately indifferent in prescribing Mr. Perez lithium and discontinuing that prescription thirteen days later, both without examining Mr. Perez to determine his mental health status. *Id.* at 5. Fourth, Mr. Perez alleges that, at the time, Defendant Guidry knew that he was mentally ill, had been placed in solitary, and had been deemed psychotic. *Id.* Fifth, Mr. Perez alleges that he again harmed himself on April 13, April 30, and May 1, 2015, and that he was diagnosed with "Schizoaffective disorder (depressed mood), Post-traumatic stress disorder, and obsessive Compulsive disorder." *Id.* at 5-9. Liberally construed, these allegations state a plausible claim that Defendant Guidry was deliberately indifferent to Mr. Perez's serious mental health needs. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

The undersigned recommends that Defendant Guidry's motion to dismiss (Dkt. 68) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections.

*See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 1, 2017,** as noted in the caption.

**DATED** this 11th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6