UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JAY PEREZ,

    Plaintiff,

v.

DICK MORGAN, et al,

    Defendants.

Case No. 3:16-cv-06023-RBL-TLF

ORDER GRANTING MOTION TO AMEND COMPLAINT, DKT. 114

Before the Court is plaintiff Daniel Jay Perez's motion for leave to amend his civil rights complaint to correctly name "Jane Doe" as Kara Hubbs. Dkt. 114. In a response, defendants asked the Court to deny the amendment. Dkt. 118. At a telephonic hearing on September 26, 2017, and having reviewed the motion, defendants' response, and the rest of the record, the undersigned GRANTED Mr. Perez leave to amend. This written order further explains the Court's reasoning.

## BACKGROUND

Mr. Perez filed his 42 U.S.C. § 1983 civil rights complaint in this case on December 21, 2016, alleging defendants violated his rights to adequate medical treatment and care. Dkt. 4. This Court permitted Mr. Perez to file a first amended complaint (FAC) on June 14, 2017. *See* Dkt. 58, 59.

Mr. Perez moved to amend the FAC on July 27, 2017. Dkt. 89. The defendants objected that Mr. Perez did not comply with the local rule requiring that he provide a "red-line" copy

highlighting the changes he made to the FAC. Dkt. 94; *see* Local Rules W.D. Wash. LCR 15. In a telephonic hearing on August 31, 2017, this Court ordered Mr. Perez to re-file his proposed amended complaint in compliance with LCR 15. Dkt. 110. Mr. Perez re-filed his proposed amended complaint (PAC) on September 6, 2017, this time providing a "red-lined" copy that highlighted changes made to his first amended complaint. Dkt. 114-1. Mr. Perez wrote and highlighted the PAC by hand. *Id.*

The defendants again ask this court to deny Mr. Perez leave to amend the complaint. They contend that Mr. Perez has still not complied with LCR 15 and does not show "good cause" for making late amendments to the FAC. Dkt. 118. Since the defendants filed their response, Mr. Perez has filed a proposed supplemental amended complaint. Dkt. 120-2.

## DISCUSSION

1. <u>Mr. Perez's proposed amended complaint does not strictly comply with LCR 15</u>.

LCR 15 requires that a party seeking leave to amend a complaint attach to its motion a copy of the proposed amended pleading and indicate on that proposed pleading how it differs from the pleading it seeks to amend. A district court has broad discretion in interpreting its local rules, and its application of those rules is reviewed for abuse of discretion. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

In filing the PAC, Mr. Perez did not strictly comply with LCR 15. Mr. Perez made several changes to the prior complaint without highlighting those changes as the rule requires. Those changes are primarily minor changes in wording, including to paragraphs 1.23, 1.27, and 1.72 (renumbered 1.73 in the PAC). The most significant change to the FAC is in dividing previous paragraph 1.33 in two, resulting in a new paragraph, 1.34. The new paragraph does not contain new allegations. *Compare* Dkt. 114-1, p. 12 *with* Dkt. 58, p. 6.

This Court has broad discretion to enforce LCR 15. *See Bias*, 508 F.3d at 1223. Because of the difficulties Mr. Perez encountered in filing his amended complaint, because he alleges cause for his delay in naming the previously unnamed Jane Doe defendant as Kara Hubbs, and because the other, unmarked changes he makes are minimal and not substantive, the undersigned determines that Mr. Perez should not be denied leave to amend based on LCR 15.

2. Leave to amend should be "freely granted" here.

Until the court enters a pretrial scheduling order under Federal Rule of Civil Procedure (FRCP) 16, FRCP 15(a) sets the standard for amending pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). FRCP 15(a) provides that leave to amend "shall be freely given when justice so requires." Under this provision, a court should grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

Normally, where the court has entered a pretrial scheduling order, the court analyzes the proposed amendment under the more liberal standard of FRCP 15(a) only if the party seeking relief shows "good cause" for failing to amend the pleading before the scheduled deadline. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). But where the scheduling order did not set a deadline for amendments to the pleadings, the defendant is not required to seek a modification of the scheduling order and the "good cause" standard is not implicated. *See* Dkt. 31; *Talking Rain Beverage Co., Inc. v. DS Servs. of Am., Inc.*, No. C15-1804 RSM, 2017 WL 1198360, at *2 (W.D. Wash. Mar. 31, 2017).

Here, the scheduling order did not place a deadline on amendments to the pleadings. Dkt. 31. Consequently, the liberal FRCP 15(a) pleading standard applies here, and Mr. Perez is not required to show good cause. *See Talking Rain*, 2017 WL 1198360, at *2. The Court instead

looks to the factors of prejudice, bad faith, futility, and undue delay. *See Martinez*, 125 F.3d at 786.

Defendants do not contend that the changes they point to in the PAC would prejudice them, cause undue delay, or be futile, or that Mr. Perez proposed them in bad faith. *See* Dkt. 118. They contend only that Mr. Perez failed to show good cause for failing to amend the FAC earlier. Dkt. 118. As noted above, however, he did not need to do so.

The pleadings would not support a prejudice argument, in any case. As discussed above, the changes the PAC makes are minimal other than naming a previously unnamed defendant, Ms. Hubbs. The FAC was sufficient to place all the defendants on notice of the substantive allegations Mr. Perez makes. The undersigned therefore concludes that "justice . . . requires" the Court to "freely grant" Mr. Perez leave to amend, Dkt. 114. *See Martinez*, 125 F.3d at 786.

But because the defendants did not have the chance to respond to Mr. Perez's motion to supplement the PAC with the proposed supplemental amended complaint, Dkt. 120, the Court denies that motion. And because of the protracted process to this point and Mr. Perez's failure to comply with LCR 15, the Court orders that this be the final amendment. FRCP 15(a).

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for leave to amend (Dkt. 114) is **GRANTED.** The Clerk is directed to substitute Kara Hubbs for a Jane Doe on the docket.

(2) Plaintiff's motion to supplement the motion for leave to amend (Dkt. 120) is **DENIED**.

(3) No further amendments to the pleadings will be granted unless the moving party shows good cause.

(4) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 2nd day of October, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge