UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL JAY PEREZ,<br><br>                 Plaintiff,<br>  v.<br><br>DICK MORGAN, et al,<br><br>                 Defendants. | Case No. 3:16-cv-6023 RBL-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALLOW FRCP 31 DEPOSITIONS; ORDER ADOPTING IN PART AND AMENDING THE DISCOVERY PLAN; AND ORDER ON DISCOVERY ISSUES |

This Order further explains the oral rulings the Court made during a telephonic conference on December 6, 2017.

Plaintiff's Motion to Seek Leave to Take Deposition by Written Answer, Dkt. 134, is DENIED. Federal Rule of Civil Procedure ("FRCP") 31 prescribes a procedure for taking depositions by written questions. Although the Court can modify that procedure to allow for written deposition answers, this is an unusual measure and is not warranted here. Defendants and pro se plaintiffs are to manage discovery "to promote the expeditious and inexpensive resolution of the case," which may include "forgoing or limiting depositions." Local Civil Rule 26(f)(1)(D). The parties did so here, as Plaintiff previously agreed that because he cannot comply with that procedure or the Rule 30 procedure for taking oral depositions, he will not take depositions. Dkt. 131. In addition, Plaintiff has not shown why he cannot prosecute his case using a reasonable number of interrogatories.

The Court ADOPTS IN PART section II of defendants' proposed Partial Discovery Plan, Dkt. 129, with the following modifications:

- All deadlines are extended as set forth in the accompanying Second Amended Pretrial Scheduling Order.
- Consistent with FRCP 33, Plaintiff is permitted to serve up to 25 interrogatories per defendant. Going forward, Plaintiff is permitted to serve interrogatories only on defendants upon whom he has not yet served interrogatories. These limitations may change only if the parties agree to changes in writing.
- Unless unforeseen circumstances arise that would prevent it, Plaintiff must proceed with the deposition scheduled for December 14, 2017. The parties are to contact the Court if such circumstances arise.
- In the interest of an efficient discovery process, the parties are to phase the authentication of documents. Plaintiff must wait until the summary judgment stage to request authentication of documents. If the case proceeds to trial, there may be additional requests for authentication of documents, depending on the circumstances. At the point where the case is focused on these proceedings, both Mr. Perez and the defendants will have a better idea of which documents must be authenticated because they relate to a summary judgment motion and/or are necessary in order to proceed to trial. Defendants should then, under FRCP 29 and the Federal Rules of Evidence, stipulate to the authenticity of documents that they acknowledge as authentic. Only if the parties then cannot agree on the authentication of certain documents should either party file requests for admission or motions to the Court regarding any disputes with respect to authentication.

- If Plaintiff determines that further requests for production are warranted under FRCP 6(b)(1) and FRCP 34, then before filing a discovery motion he must comply with the existing order to meet and confer with opposing counsel. Dkt. 31.
- The parties are reminded that at all times during discovery the scope of their requests and responses to requests must be "proportional to the needs of the case." FRCP 26(b)(1), United States District Court for the Western District of Washington Local Rule of Civil Procedure 26. The Court will not order discovery that would be inconsistent with this principle.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO ALLOW
FRCP 31 DEPOSITIONS; ORDER ADOPTING IN PART
AND AMENDING THE DISCOVERY PLAN; AND
ORDER ON DISCOVERY ISSUES - 3